# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1268
_____

Rhonda Harris

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Commissioner of Social Security

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 19, 2014
Filed: October 6, 2014
[Unpublished]
_____

Before COLLOTON, BOWMAN, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Rhonda Harris appeals from the order of the District Court[1] granting summary judgment to the defendant in Harris's Title VII action against her former employer,

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

the Social Security Administration (SSA). After careful review, we conclude that Harris's placement on a Performance Assistance Plan in August 2009 was not an adverse employment action within the meaning of Title VII so as to support her claim of racial discrimination. See Clegg v. Ark. Dep't of Corr., 496 F.3d 922, 926 (8th Cir. 2007) ("An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." (citations to quoted cases omitted)). In any case, SSA presented a legitimate, nondiscriminatory reason for its action, and Harris did not present sufficient evidence of pretext. See Gibson v. Am. Greetings Corp., 670 F.3d 844, 854 (8th Cir.) (explaining that pretext must be demonstrated with evidence that raises a genuine doubt about the legitimacy of an employer's motive), cert. denied, 133 S. Ct. 313 (2012). Regarding Harris's retaliation claim, we conclude that she failed to present sufficient evidence that she engaged in protected conduct. See Guimaraes v. SuperValu, Inc., 674 F.3d 962, 978 (8th Cir. 2012) (stating that a plaintiff must demonstrate, inter alia, that "she engaged in protected conduct" in order to prove a prima facie case of retaliation). Finally, to the extent Harris asserted a hostile-work-environment claim, we conclude that she failed to present any evidence that the alleged harassment was racially motivated. See Malone v. Ameren UE, 646 F.3d 512, 517 (8th Cir. 2011) (stating that an employee must demonstrate, inter alia, "unwelcome race-based harassment" in order to prove a hostile-work-environment claim).

We affirm, and we deny SSA's pending motion.

_____